## La Zarus et ux. v. Freyburger et ux.

*James W. Tracey, Jr.*, for plaintiffs.

*D. Arthur Magaziner*, for defendants.

OLIVER, P. J., January 23, 1951.—Plaintiffs bring this bill for specific performance of a contract for the sale of real property. Plaintiffs allege that on August 12, 1950, they signed an agreement of sale with defendants whereby plaintiffs agreed to buy, and defendants agreed to sell, the property in question. Plain-

tiffs allege they paid defendants the sum of $100 as deposit money on August 12, 1950, and the additional sum of $500 on August 28, 1950, and that on October 5, 1950, the date set for settlement, they deposited the balance of the purchase price with the Land Title Bank and Trust Company, Philadelphia. Plaintiffs further allege that defendants did not attend the settlement meeting, that defendants refused to accept the balance of the purchase money and that defendants have made known they have changed their minds and will not convey the property to plaintiffs.

Defendants' answer admits the material allegations of plaintiffs' bill but denies that plaintiffs are entitled to the remedy of specific performance because the agreement of sale includes both real property and personal property, to wit, venetian blinds, radiator covers, screens, awnings and storm windows.

At the hearing no testimony was offered. Counsel for plaintiffs and counsel for defendants made statements to the court concerning the legal issue involved. From the admissions in the pleadings, as offered in evidence, and from the statements made to the court, the court makes the following

### Findings of Fact

1. Defendants, Edward H. Freyburger and Frances M. Freyburger, were on August 12, 1950, and still are the owners of premises 5625 N. 19th Street, Philadelphia, Pa., more fully described in paragraph 1 of the bill of complaint.

2. On August 12, 1950, defendants, through their agent, Ernest J. Aucott's Son, entered into a written agreement for the sale of the premises to plaintiffs for the sum of $9,500. The agreement provided that $100 was to be paid at the signing of the agreement; $500 was to be paid within three weeks and the balance was

to be paid at the time of settlement, which was to be made on or before October 10, 1950.

3. The agreement of sale also provided that the venetian blinds, radiator covers, screens, awnings and storm windows were included in the sale.

4. On August 12, 1950, plaintiffs paid defendants $100 as a deposit on the purchase price and on August 28, 1950, plaintiffs paid defendants an additional sum of $500, in accordance with the terms of the agreement of sale.

5. Plaintiffs set October 5, 1950, at 3 o'clock p.m. at the office of the Land Title Bank and Trust Company, 18 W. Chelten Ave., Philadelphia, as the time and place for settlement. Plaintiffs gave defendants notice by registered mail and by personal service upon defendants of the date and time fixed for the settlement.

6. On October 5, 1950, plaintiffs turned over to the Land Title Bank and Trust Company the balance of the purchase money, to wit, $8,900, and also a deed of conveyance to be executed by defendants.

7. Defendants did not attend the settlement meeting and refused to accept the balance of the purchase price. Defendants are still in possession of the premises and admit that they have no intention of delivering title or possession to plaintiffs.

8. Since August 12, 1950, plaintiffs have been and still are ready, willing and able to perform their contract by paying the full purchase price agreed upon.

### Discussion

The principal issue in this case is whether specific performance can be granted for an agreement of sale of real estate which provides that the venetian blinds, radiator covers, screens, awnings and storm windows are all included in the sale.

Counsel for defendants contends that such a provision precludes the remedy of specific performance for

the entire agreement. Counsel was asked to submit his authorities on this point. After a careful examination of the cases cited by counsel the chancellor is of the opinion that the authorities cited do not support counsel's contention.

The general well-recognized principle of law applicable to cases of this type is stated in 49 Am. Jur. 150, §126:

"When real property is involved in the same contract as personal property, the jurisdiction to grant specific performance of a contract in regard to the real property carries the right to give entire relief by specific performance of the contract in relation to the personal property, even though it might not, independently, be a proper subject for such relief."

In our opinion the rule of law applicable to the present case is also correctly stated in Seger v. Walschmidt, 19 Dist. R. 41, 42 (1909):

"It may be conceded that if the personal property included in the sale were merely incidental or appurtenant to the land the fact that some of the property in question was personalty might not prevent specific performance . . . ."

It is well known that items such as ventian blinds, radiator covers, screens, awnings and storm windows are considered by sellers as incidental to the sale of the real property and are "thrown in" as part of the sale of such property. Such items are usually made specially to fit the house in which they are originally installed. An owner who sells his home and moves is generally not able to use these items in his new home.

However, regardless of this well-known practice, it is the intention of the parties which determines whether these items shall pass as an incidental part of the realty. In the instant case the intention of the parties is clearly expressed in their agreement of sale. The chancellor is of the opinion that defendants in-

tended to transfer these items with the house, and at no extra cost to plaintiffs.

At the oral argument counsel for defendants admitted that, after the agreement of sale was executed, defendants regretted they had executed the agreement. He urged there are other similar properties, some of which are for sale, located in similar rows in other streets in the immediate vicinity. He stated that defendant's wife is not in good health. Because of these factors he urged the chancellor to refuse to grant plaintiffs specific performance on the ground that defendants would be put to a greater inconvenience in moving to another house, than plaintiffs would in selecting another similar house in the vicinity and moving into it.

The chancellor was not impressed by these statements. Defendants were not deceived or imposed upon in entering into the agreement of sale. They had adequate time to consider the consequences of their act. Plaintiffs, on the other hand, are entitled to their bargain and have suffered a great amount of unnecessary delay because of defendants' deliberate refusal to convey the property. Among other things, in reliance on defendants' statements that they intended to go through with the agreement, plaintiffs had their son transferred to a school in the new locality.

For the reasons given above, the chancellor is of the opinion plaintiffs are entitled to the relief requested.

### Conclusions of Law

1. Plaintiffs have no adequate remedy at law.

2. Plaintiffs and defendants entered into a valid agreement of sale on August 12, 1950, for the sale of certain real estate, namely premises 5625 N. 19th Street, Philadelphia.

3. Although plaintiffs were ready, able and willing to make payment on settlement day, defendants uncon-

ditionally repudiated their obligation under the agreement of sale.

4. The venetian blinds, radiator covers, screens, awnings and window shades were included in the agreement of sale of the real estate and are to be transferred to plaintiffs at no additional cost.

5. Plaintiffs are entitled to a decree of specific performance.

### Decree Nisi

And now, to wit, January 23, 1951, it is ordered, adjudged and decreed as follows:

1. Defendants Edward H. Freyburger and Frances M. Freyburger are hereby enjoined and restrained from mortgaging or otherwise encumbering the property 5625 N. 19th Street, Philadelphia, Pa., and from selling or conveying the property to any one other than plaintiffs.

2. Defendants Edward H. Freyburger and Frances M. Freyburger, are hereby enjoined and restrained from removing, selling or otherwise disposing of all or any of the venetian blinds, radiator covers, screens, awnings and window shades with which the aforementioned property is equipped, except as hereinafter directed.

3. Defendants Edward H. Freyburger and Frances M. Freyburger, are directed, within 30 days from the date hereof, to make conveyance of the property 5625 N. 19th Street, Philadelphia, Pa., together with the venetian blinds, radiator covers, screens, awnings and window shades to plaintiffs, George P. La Zarus and Marion A. La Zarus, by good and sufficient deed, clear of all liens and encumbrances except easements and restrictions of record, and to vacate the premises, upon payment of the purchase price of $9,500, less the $600 already paid.

4. Defendants are directed to pay the costs of these proceedings.

The prothonotary is directed to enter this decree nisi and to give notice to the parties, or their counsel of record, of the entry of this decree, and, if no exceptions are filed within 10 days thereafter, the decree nisi shall be entered as the final decree, by the prothonotary, as of course.